**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 17, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LEO APODACA,

        Petitioner - Appellant,

v.

ANGELO MEDINA,

        Respondent - Appellee.

No. 12-1401
(D.C. No. 12-CV-01905-LTB)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

    Colorado state prisoner Leo Apodaca says his transfer from a correctional facility in Colorado to one in Oklahoma violated federal and state law. The district court hearing his 28 U.S.C. § 2241 habeas petition dismissed it on the merits and denied him a certificate of appealability ("COA"). Now Mr. Apodaca turns to us, renewing his request for a COA. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (holding that state prisoners proceeding under § 2241 must obtain a COA to appeal).

---

    [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We may issue a COA, however, only if Mr. Apodaca can make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do this, he must demonstrate that "reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Because Mr. Apodaca proceeds *pro se*, we review his pleadings with special solicitude.

Even so, we see no hint of error in the district court's analysis that might warrant a COA. The district court correctly explained that the transfer of an inmate from one state to another doesn't violate the United States Constitution. *See* R. at 172 (citing *Montez*, 208 F.3d at 865-66). And to the extent Mr. Apodaca seeks to suggest his transfer violated state laws or rules, the district court rightly noted that federal courts do not have the authority to hear such claims in federal habeas proceedings. *See Montez*, 208 F.3d at 865.

Mr. Apodaca's application for a COA and his motion to proceed without prepayment of the filing fee are denied. The unpaid balance of the filing fee should be paid immediately. This appeal is dismissed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge